UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE, PENSION,
ANNUITY, APPRENTICESHIP, CHARITABLE TRUST,
LABOR MANAGEMENT COOPERATION and
SCHOLARSHIP FUNDS and their BOARDS OF
TRUSTEES,

                                Plaintiffs,        <u>REPORT AND
                                                      RECOMMENDATION</u>

                -against-                              CV 10-03030 (ADS) (ETB)

LEVI G. MITCHENER d/b/a LG MITCHENER
CONSTRUCTION,

                                Defendant.
------------------------------------------------------------------------X

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      The plaintiffs, the Trustees (the "Trustees") of seven employee benefit funds (the "Funds"), brought this action against the defendant, Levi G. Mitchner ("Mitchner"), doing business as LG Mitchener Construction, pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions, interest, liquidated damages and attorney's fees and costs that Mitchener was obligated to pay under the terms of a collective bargaining agreement.

<u>FACTS</u>

      Plaintiffs commenced this action on July 1, 2010. Defendant failed to answer or otherwise appear in this action. On October 17, 2011, Judge Spatt referred plaintiffs' motion for

a default judgment and the determination of any accompanying damages, including reasonable attorney's fees, to the undersigned for a Report and Recommendation. An inquest on damages was held before the undersigned on February 14, 2012. Mitchener failed to appear at the inquest.

Kyle Lagonegro, a collections supervisor for the Funds, testified at the inquest on behalf of plaintiffs. Mr. Lagonegro testified that an audit was conducted of Mitchener's payroll records for the period June 1, 2008 through June 30, 2009, which found that Mitchener failed to make employee benefit contributions for that period, as required by the collective bargaining agreement between Mitchener and the union, in the amount of $58,148.41. (Tr. 3-4.) Mr. Lagonegro further testified that, in accordance with Funds procedures, letters were sent to Mitchener, notifying him of the deficiency in contributions, on April 30, 2010 and May 15, 2010. (Tr. 4.) No payments were received from Mitchener for the delinquent contributions. (Tr. 4.)

## DISCUSSION

I. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449

F.2d 51, 63 (2d Cir. 1971)).  Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)).  Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]."  Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

In the within action, plaintiffs filed their Complaint on July 1, 2010.  A copy of the Complaint was personally served upon Levi G. Mitchener on November 2, 2010.  (Aff. of Service by Nicholas Finch, dated Nov. 2, 2010.)  On March 21, 2011, the Clerk of the Court certified that Mitchener had failed to answer the Complaint or otherwise appear in this action. Nor did Mitchener appear at the inquest held by the undersigned on February 14, 2012. Accordingly, the undersigned recommends that a default judgment be entered against defendant Mitchener.

II.    ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties.  To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers.  See 29 U.S.C. § 1132(g)(2); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995).  Section

1132(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III. Damages

A. Unpaid Contributions

Based on the testimony and the documentary evidence offered by plaintiffs at the inquest held on February 12, 2012, the undersigned recommends that damages be awarded in the amount of $58,148.41. (Tr. 3; Pl. Am. Statement of Damages 3 and Ex. B, annexed thereto.) This amount reflects the unpaid contributions owed to the Funds for the period June 1, 2008 through June 30, 2009. (Pl. Am. Statement of Damages, Ex. B.)

B. Interest

Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest from August 1, 2008 through the date of judgment herein, at a rate of eighteen percent (18%) per annum. (Tr. 4; Pl. Am. Statement of Damages, Ex. B.) As of February 24, 2012, the interest due and owing amounts to $33,306.65. (Pl. Am. Statement of Damages 3 and Ex. B.) The per diem interest rate is $18.63. (Tr. 4-5; Pl. Am. Statement of Damages 3 and Ex. B.) Multiplying the per diem rate

of $18.63 by the number of days (61) between the February 24, 2012 calculation and today, April 25, 2012, the total interest due and owing amounts to $34,443.08. Accordingly, I recommend that plaintiffs be awarded interest in the amount of $34,443.08, with additional interest to be calculated through the date of judgment entered herein at a rate of $18.63 per day.

  C.  <u>Audit Fees</u>

  Plaintiffs also seek to recover fees incurred in connection with the audit conducted in this action in the amount of $5,805.83. (Tr. 4; Pl. Am. Statement of Damages 4.) The costs of an audit are routinely recoverable in ERISA actions. <u>See</u>, e.g., <u>Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Mgmt. Corp. & Scholarship Funds v. Holiday Magic Corp.</u>, 10-CV-0603, 2011 U.S. Dist. LEXIS 104653, at *2 (E.D.N.Y. Sept. 14, 2011) (awarding $1,077.50 in audit fees); <u>Gesualdi v. MBM Indus., Inc.</u>, No. CV 10-2607, 2010 U.S. Dist. LEXIS 96319, at *5 (E.D.N.Y. Sept. 13, 2010) (awarding $4,260 in audit costs); <u>Masino v. A to E, Inc.</u>, No. 09 CV 1651, 2010 U.S. Dist. LEXIS 98853, at *22 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137 in audit fees); <u>Gesualdi v. Andrews Trucking Corp.</u>, No. 09 CV 565, 2010 U.S. Dist. LEXIS 54596, at *3 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees). Accordingly, I find the audit fees requested of $5,805.83 to be both recoverable and reasonable and recommend that they be awarded to plaintiffs.

  D.  <u>Liquidated Damages</u>

  The collective bargaining agreement provides for liquidated damages in the amount of ten percent (10%) of the unpaid principal contributions. (Tr. 6; Pl. Am. Statement of Damages, Ex. B.) Ten percent of the unpaid contributions is $5,814.84. Accordingly, I recommend that plaintiffs be awarded liquidated damages in the amount of $5,814.84.

E.      Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment." Id. § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

F.      Attorney's Fees

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiffs' counsel provided records of the date, time spent, and the nature of the

work performed by each person who worked on the case.[1] (Am. Decl. Of Owen M. Rumelt in Support of Pl. Claims for Attorney's Fees 2-4 and Ex. A-B, annexed thereto.) The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. Accordingly, I recommend that attorney's fees be awarded in the amount requested of $3,583.50.

G.     Costs

As stated above, ERISA also permits the recovery of plaintiffs' reasonable costs. See 29 U.S.C. § 1132(g)(2)(C). Plaintiffs' attorney time records include a breakdown of the expenses incurred herein, which amount to $770.81. (Am. Decl. Of Owen M. Rumelt in Support of Pl. Claims for Attorney's Fees 4-5 and Ex. A-B, annexed thereto.) The costs incurred are as follows: (1) $350 in filing fees; (2) $393.35 in process server fees; and (3) $27.46 in electronic legal research fees, all of which I find reasonable. (Id.) Accordingly, I recommend that plaintiffs be awarded costs in the amount of $770.81.

RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, I recommend that plaintiffs' motion for a default judgment be granted. I further recommend that plaintiffs be awarded damages as follows: (1) unpaid employee benefit contributions due and owing in the amount of $58,148.41; (2) interest through April 25, 2012 in the amount of $34,443.08, plus additional interest through the date of judgment entered herein, to be calculated at a rate of $18.63 per day; (3) audit fees in the amount of $5,805.83; (4) liquidated damages in the amount

---

[1] This includes work done by attorneys and paralegals at both current counsel, Levy Ratner, P.C., and former counsel, Slevin & Hart, P.C.

of $5,814.84; (5) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; (6) attorney's fees in the amount of $3,583.50; and, (7) costs in the amount of $770.81. Thus, the sum total of the recommended judgment is $108,566.52, plus additional interest through the date of judgment herein, as set forth above, and post-judgment interest, pursuant to 28 U.S.C. § 1961.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
April 25, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge